# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06CR20

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| EARL SPENCER BOYCE, JR. ) | |
| ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned, pursuant to a letter (#20) filed by the defendant requesting that the court substitute counsel for the defendant and appoint another attorney to represent the defendant in this matter. Upon the call of this matter on for hearing, it appeared that the defendant was present and that his attorney, Mary L. Sneeringer was present and that the Government was represented by Assistant United States Attorney, Richard Edwards and from the statements of Ms. Sneeringer and the statements of the defendant, the court makes the following findings:

**Findings:** The court inquired of Ms. Sneeringer as to whether or not she had read the letter of the defendant. Ms. Sneeringer advised that she had and that it was her opinion that the request of the defendant to substitute counsel in this matter was without merit. Ms. Sneeringer stated that she had not talked to family members of the defendant because it was her policy not to do so. It was her position that to do so would have violated the attorney/client privilege. She advised that she had talked to the defendant about presenting evidence in regard to a bond hearing but that the defendant's mother had advised that she would not allow her home to be used as security for a property bond and that the defendant did not have a person who would hire him so that the defendant could be employed. Ms.

Sneeringer further advised that she had shared everything in her file with the defendant that she could ethically present to him and she was waiting for a Presentence Report to be filed. The undersigned inquired of the defendant as to his contentions in regard to this matter.. He advised that he had not seen Ms. Sneeringer since his plea and that he and she did not see eye-to-eye on the issues regarding his case. The undersigned explained to the defendant that until the Pretrial Services Report was filed that there was not anything that his attorney could do in regard to the case and the undersigned further explained that if Ms. Sneeringer talked to the defendant's mother and father about the defendant's case that that would violate attorney/client privilege which could prejudice the defendant. Counsel stated she had answered every letter sent to her by the defendant.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 Up. S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: 1) timeliness of the defendant's motion; 2) inquiry as to the reasons why the defendant does not wish for Ms. Sneeringer to represent him further; and 3) whether or not there is such a conflict between the defendant and Ms.

2

Sneeringer that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

The motion in this case has been filed well before the Presentence Report is to be returned. The court was originally advised that the Presentence Report would be returned in October of 2007, however, the court is now advised that the Presentence Report may be completed within six weeks. This factor must be weighed in favor of granting the motion.

The undersigned inquired as to the reasons of the conflict between the defendant and his attorney. After hearing from both Ms. Sneeringer and the defendant, it appears that the reasons for conflict are that the defendant wants to discuss various aspects of his case at a time when there is simply not anything to discuss. After the Presentence Report is prepared then the defendant and his counsel will be meeting to discuss the report any objections that they may make.

The court has further examined the matter to determine whether or not there is such a conflict between Ms. Sneeringer and the defendant that there is a total lack of communication between them preventing an adequate defense. At this time, it does not appear to the undersigned that such a conflict exists between Ms. Sneeringer and the defendant that would prevent an adequate defense.

After considering all the factors, the undersigned cannot find good reason for the appointment of another attorney and there does not appear to be a lack of communication between Ms. Sneeringer and the defendant that would prevent an adequate defense.

Based upon the foregoing, the undersigned has determined to enter an order denying the defendant's request (letter #20) to substitute counsel.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the motion (letter #20) of the defendant for substitute counsel is hereby **DENIED**.

Signed: February 16, 2007

_____
Dennis L. Howell
United States Magistrate Judge